**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WALDRICK BROOKS,** | ) | |
| **ID # 2067313,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:20-CV-2593-X-BH** |
| | ) | |
| **DIRECTOR, Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody Amended*, received on October 6, 2020 (doc. 6).  Based on the relevant filings and applicable law, the amended petition should be **DENIED** with prejudice as barred by the statute of limitations.

## I.    BACKGROUND

Waldrick Brooks (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2016 convictions and sentences.  (*See* doc. 6 at 2.) The respondent is the Director of TDCJ-CID.  (*See id.* at 1.)

On February 1, 2016, Petitioner was convicted of aggravated sexual assault in Cause No. F-14-70150-S and aggravated robbery in Cause No. F-15-00333-S in the 282nd Judicial District Court of Dallas County, Texas.  (*See id.* at 2.)  He was sentenced to 50 years' imprisonment in Cause No. F-14-70150-S and 20 years' imprisonment in Cause No. F-15-00333-S, to be served concurrently.  (*See id.*); *see also* https://offender.tdcj.texas.gov/OffenderSearch (last visited Oct. 19, 2020).  On October 24, 2017, the Fifth District Court of Appeals affirmed the judgment in the

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

aggravated sexual assault case. *See Brooks v. State*, No. 05-16-00182-CR, No. 05-16-00183-CR, 2017 WL 4785331, at *17 (Tex. App.—Dallas Oct. 24, 2017, no pet.). The judgment in the aggravated robbery case was modified to state that the offense of conviction was "robbery" and that the statute for the offense was "29.02 Penal Code," and to delete the deadly weapon finding. *Id.* Petitioner did not file a petition for discretionary review (PDR) with the Court of Criminal Appeals. His state habeas applications, received and deemed filed on August 19, 2020, were denied without written order on October 7, 2020. *See Ex parte Brooks*, No. WR-91,620-01 (Tex. Crim. App. Oct. 7, 2020); *Ex parte Brooks*, No. WR-91,620-02 (Tex. Crim. App. Oct. 7, 2020).

Petitioner now challenges his convictions and sentences in both cases, alleging:

(1) ineffective assistance of counsel based on trial and appellate counsel's failure to investigate;

(2) insufficient evidence to prove aggravating circumstances of the alleged offense; and

(3)  actual innocence of the offense of aggravated robbery.

(*See* doc. 6 at 6-7; doc. 7 at 4-7.)

## II.    STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 2006. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court). Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Because Petitioner did not file a PDR with the Texas Court of Criminal Appeals, his state convictions in both cases became final for purposes of 2244(d)(1)(A) on the expiration of the thirty-day time frame for seeking further review after his convictions were affirmed, as modified, on direct appeal on October 24, 2017.  *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires.").  His conviction became final on Thursday, November 23, 2017, a holiday, so he had until the next business day, Monday, November 27, 2017, to seek further review from the Court of Criminal Appeals.  *See* Tex. R. App. P. 4.1.  Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier.  *See* 28 U.S.C. § 2244(d)(1)(B).

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, November 23, 2017.  Petitioner filed his state habeas petitions and the pending

habeas action almost three years later. His § 2254 motion is therefore untimely in the absence of statutory or equitable tolling.

## A.    <u>Statutory Tolling</u>

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's state habeas applications were received and deemed filed on August 19, 2020, approximately 21 months after his limitations period expired on November 23, 2018. They therefore do not toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (application filed in state court after expiration of the limitations period does not statutorily toll the limitations period). The statutory tolling period does not save the petition.

## B.    <u>Equitable Tolling</u>

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights

4

diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner argues that the one-year limitations period should not bar his § 2254 petition because he is actually innocent, his "post-conviction/appeal attornies [sic] purposefully withheld information, and failed to contact [him] about the status of [his] appeal," his constitutional rights were violated "before [he] ever found out what a time-bar was," and he is a first-time appellant. (doc. 6 at 9.) With regard to his claim that his appellate attorneys withheld information by ignoring him and his attempts to contact them for over three years, "[m]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) ("ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings."); (*See* doc. 7 at 7.) Additionally, ignorance of the law and lack of knowledge about the filing deadlines does not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Petitioner has not met his burden to show that he has been pursuing his rights diligently, or that an extraordinary circumstance prevented him from timely filing his petition. He has failed to meet his burden to show that he is entitled to equitable tolling.

## C.    <u>Actual Innocence</u>

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the

statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Here, Petitioner argues that he is actually innocent of the crime of aggravated robbery, but "may have been guilty of a far less charge." (doc. 6 at 7; *see id.* at 8-9.) His original judgment of conviction in the aggravated robbery case stated that he was guilty of aggravated robbery, identified the applicable statute for aggravated robbery, and included a deadly weapon finding. *See Brooks*, 2017 WL 4785331, at *6. On direct appeal, the Fifth District Court of Appeals held that the jury's verdict sheet for that offense found Petitioner guilty of "robbery, as included in the indictment," and not aggravated robbery with a deadly weapon. *Id.* at *6, 17. It therefore modified the judgment to show that he was convicted of robbery, to correct the applicable statute for the offense of robbery, and to delete the deadly weapon finding. *See id.* at *17. The judgment was

otherwise affirmed as modified. *See id.* The conviction in Cause No. F-15-00333-S that Petitioner is currently serving is for robbery, not aggravated robbery.

Petitioner does not allege that he is actually innocent of robbery or of aggravated sexual assault, and his claims do not present evidence of actual innocence for these convictions. Accordingly, he cannot overcome the applicable AEDPA limitations period on this basis. His § 2254 motion should be denied as untimely.

## III.   RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody Amended*, received on October 6, 2020, should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 2nd day of November, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE